UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



INTERNATIONAL UNION, SECURITY,
POLICE & FIRE PROFESSIONALS OF
AMERICA (SPFPA); and SECURITY,
POLICE & FIRE PROFESSIONALS OF
AMERICA LOCAL No. 452,

       Plaintiffs,

v.                                Civil No.: 2:14cv162

SOUTHEASTERN PROTECTIVE SERVICES,
INC.,

       Defendant.

## MEMORANDUM ORDER

This matter is before the Court on an unopposed motion filed by International Union, Security, Police, & Fire Professionals of America ("SPFPA") and its Local Union No. 452 (collectively, "Plaintiffs") requesting default judgment against Southeastern Protective Services, Inc. ("Defendant") under Rule 55(b) of the Federal Rules of Civil Procedure. ECF No. 10. For the reasons discussed herein, the Court **GRANTS** Plaintiffs' motion for default judgment and **DIRECTS** that judgment be entered against Defendant in the amount detailed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2014, Plaintiffs filed their complaint alleging that Defendant breached the written collective bargaining agreement (the "CBA") entered into by the parties to this case through failing to pay for certain accrued leave

benefits. Compl., ECF No. 1. Specifically, Defendant had a contract with the federal government "to provide security services at the Norfolk Naval Ship Yard, Lafayette River Complex and Craney Island Fuel Terminal in Virginia." ECF No. 10-1; see Compl. ¶ 4. Pursuant to the terms of the CBA, SPFPA Local 452 members provided such security services under the employment of Defendant. Compl. ¶ 4. On or about January 17, 2013, Defendant's contract with the federal government ended. Id. ¶ 10. After such contract ended, Defendant failed to pay the accrued sick and vacation leave time owed to its employees pursuant to the terms of the CBA, despite Plaintiffs' several demands for payment. Id. ¶¶ 11, 13. Local Union members filed a complaint with the Department of Labor (DOL) Wage & Hour Division, but the DOL purportedly refused to assist the Union on the basis that Defendant was no longer a federal contractor. Id. ¶ 17. Plaintiffs then filed a complaint in this Court pursuant to § 301 of the Labor Management Relations Act ("LMRA"), which provides that a suit to enforce a collective bargaining agreement between a union and employer in an industry affecting commerce may be brought in any federal district court that has jurisdiction over the parties. 29 U.S.C. § 185(a).

On June 18, 2014, Defendant, through its registered agent, was served with a summons and complaint. ECF No. 7, at 2-3. However, at no time between service and the present has

Defendant filed an answer, filed any other pleading or letter, or otherwise appeared before this Court. Thus, Plaintiffs requested entry of default on December 22, 2014, which the Clerk entered on December 23, 2014. ECF Nos. 8, 9.

On January 28, 2015, Plaintiffs moved for entry of default judgment, seeking $81,625.87, plus interest and costs. ECF No. 10, at 2. Plaintiffs' motion is supported by an affidavit from a Vice President of SPFPA, who attested to the amounts owed to each of the individual Local Union represented employees. ECF No. 10-1, at 1-2.

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). After securing entry of default, a plaintiff may then move for entry of default judgment. "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citation omitted).

When a defendant defaults, it admits "'the plaintiff's well-pleaded allegations of fact.'" Ryan v. Homecomings Fin.

Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  To present well-pleaded allegations of fact, a complainant must allege sufficient nonconclusory factual matter that allows the reviewing court to reasonably infer that the claim at issue is "plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In the default judgment context, the court must then "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in th[e] action."  Ryan, 253 F.3d at 780 (citation omitted).

Although well-pled factual allegations are accepted as true for default judgment purposes, a party who defaults does not admit the allegations in the complaint as to the amount of damages.  See Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  For that reason, after a district court concludes that liability is established in the default judgment context, it must then independently calculate the appropriate amount of damages.  To assess the extent of a plaintiff's damages, a district court may conduct an evidentiary hearing under Rule 55(b)(2), but it "need not do so . . . if the damages can be ascertained based on detailed affidavits or documents attached

to the plaintiff's motion." <u>Anderson & Strudwick, Inc. v. IBD-Placement & Recruiting Services, LLC</u>, 3:11cv818, 2012 WL 1656504, at *4 (E.D. Va. May 10, 2012) (citing <u>Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians</u>, 155 F.3d 500, 507 (4th Cir. 1998)).

## III. DISCUSSION

### A. Breach of the CBA

As discussed above, Plaintiffs' complaint asserts that Defendant breached the CBA by failing to pay accrued leave time to its employees. While familiar principles of contract interpretation retain some relevancy when analyzing a collective bargaining agreement, such agreements are "not interpreted under traditional rules of contract but [rather] under a federal common law of labor policy." <u>Keffer v. H.K. Porter Co., Inc.</u>, 872 F.2d 60, 62 (4th Cir. 1989) (citing <u>Bowen v. USPS</u>, 459 U.S. 212, 220 (1983)). Such federal common law provides "[o]f course, [that] as with any contract interpretation, [the court] begin[s] by looking at the language of the agreement for any clear manifestation of the parties' intent." <u>Id.</u>

Here, taking the well-pled allegations in the complaint as true, Plaintiffs have established that identified union members are owed sick and vacation leave pay under the CBA. First, the CBA, which Plaintiffs attached to their complaint, clearly manifests the parties' intent. ECF No. 1-1. Union represented

5

employees agreed to provide security services, and in return, Defendant agreed to pay union workers pursuant to various CBA provisions. Pursuant to the CBA, Defendant agreed to pay sick leave hours that were unused at "the end of the contract year, [] at the employee's effective hourly rate of pay." Id. at 28. Defendant also agreed that "Vacation will be paid to each employee . . . within 30 days of [his or her] anniversary date." Id. at 29. According to the affidavit attached to Plaintiffs' motion for default judgment, which is supported by the express terms of the CBA, employees' effective hourly rate, which included a "health and welfare" payment, was $20.54 per hour as of early 2013. ECF No. 10-1, at 2; see ECF No. 1-1, at 23, 31.

Second, taking Plaintiffs' allegations as true, they have shown that Defendant breached the CBA by failing to pay accrued leave time pursuant to the terms of the CBA. In response to such failure, the Local Union attempted to use the grievance and arbitration machinery pursuant to express provisions in the CBA, ECF No. 1-1, at 17-20; ECF No. 1-3, yet Defendant refused to participate in arbitration, Compl. ¶¶ 12, 13, and has generally been unresponsive to Plaintiffs' subsequent efforts to collect under the CBA, to include failing to appear in this case. Id. ¶¶ 14, 15. Accordingly, this Court has before it sufficient uncontroverted facts to support the entry of default judgment in favor of Plaintiffs as to liability.

## B. Damages

After examination of the uncontested evidence submitted by Plaintiffs in support of the instant motion, the Court finds that it can adequately ascertain damages based on the current record. Therefore, the Court determines that a damages hearing is unnecessary. See Anderson, 155 F.3d at 507 (noting that, in some cases, courts may ascertain damages without holding an evidentiary hearing).

Plaintiffs' complaint and motion for default judgment seek $81,625.87 in damages. In support of such figure, Plaintiffs have not rested on unsupported allegations in the complaint, but have presented the Court with a copy of the written CBA, a sworn affidavit, and charts setting forth the specific leave payments owed to individual Union members. Based on such evidence, Plaintiffs have sufficiently demonstrated that Defendant owes a collective $66,339.07 in sick leave pay, and $15,286.80 in vacation pay, for an outstanding total balance of $81,625.87. ECF No. 1-1, at 23, 28-29, 31; ECF No. 10-1, at 1-2.

Plaintiffs' complaint and motion for default judgment also seek interest on any judgment awarded, and "federal law mandates the awarding of post-judgment interest" on any money judgment obtained in a civil case. Quesinberry v. Life Ins. Co. of N.A., 987 F.2d 1017, 1031 (4th Cir. 1993) (citing 28 U.S.C. § 1961); see also Pine Ridge Coal Co. v. Local 8377, United Mine Workers

of America, 187 F.3d 415, 422 (4th Cir. 1999) (affirming an award of damages and post-judgment interest in an LMRA case). Accordingly, pursuant to 28 U.S.C. § 1961, Plaintiffs are awarded post-judgment interest, which "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield."  28 U.S.C. § 1961(a).

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' motion for default judgment. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff in the principal amount of $81,625.87, plus post-judgment interest at the statutory rate provided under 28 U.S.C. § 1961. Costs will be taxed by the Clerk following entry of the judgment.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to counsel for Plaintiffs and to the Defendant.

**IT IS SO ORDERED.**

/s/

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 27, 2015

8